IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. 1:05-CV-0388 |
| v. | § | |
| | § | |
| ROBERT DANIEL DAVIS, BUREAU OF | § | |
| PRISONS REG. NO. 97410079, | § | |
| INDIVIDUALLY, AND THE TEXAS | § | |
| SECRETARY OF STATE, ROGER | § | JUDGE RON CLARK |
| WILLIAMS, IN HIS OFFICIAL CAPACITY, | § | |
| | § | |
| _____*Defendants.* | § | |

## MEMORANDUM AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Before the court is Plaintiff United States of America's Motion for Summary Judgment [Doc. #13].   Defendant  Robert  Daniel  Davis  ("Davis")  has  filed  a  document  entitled  "Traverse  to Plaintiff's Motion for unsigned Summary Judgment to Fed. Civ. P. 56" [Doc. #15].   This document in no way responds to Plaintiff's Motion and is deficient for numerous reasons.  Similarly, Defendant  Texas  Secretary  of  State  Roger  Williams  did  not  respond  to  Plaintiff's  Motion. Defendants  are  deemed  to  have  no  opposition  to  Plaintiff's  Motion.   Local  Rule  CV-7(d). Accordingly, the court grants Plaintiff's Motion for Summary Judgment.

### I. Background

Davis is a federal inmate housed at the Federal Correctional Complex in Beaumont, Texas. Davis pleaded guilty to possession with intent to distribute more than fifty grams of a mixture containing detectable amounts of methamphetamine.  The Hon. Sim Lake, United States District

Judge for the Southern District of Texas, Houston Division, was the presiding Judge who sentenced Davis to serve 188 months in the custody of the Bureau of Prisons.  Subsequent to sentencing, Davis filed a UCC financing statement, accompanied by a "FS-4 Private Security Agreement/True Bill," (collectively, File # 04-0072184086) against Judge Lake, with the Texas Secretary of State.  Those documents purport to establish a $500,000,000 debt owed by, and a lien against, Judge Lake and the U.S. Department of Justice in favor of Davis.  The United States was forced to file suit against Davis to remedy a false lien and to permanently enjoin Davis from filing similar liens without leave of court.  In addition, the United States named the Texas Secretary of State, in his official capacity, as a defendant to this suit to remove the UCC financing statement and the attached FS-4 Private Security Agreement/True Bill (File # 04-0072184086) from the indexed, publicly available records.

## II. Standard of Review

The party moving for summary judgment, under Federal Rule of Civil Procedure 56, has the initial burden of demonstrating that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505, 2514 (1986).  The movant may show that the undisputed material facts affirmatively establish a right to judgment.  Alternatively, the movant may establish that the other party has the burden of proof at trial, and has failed to  "make a showing sufficient to establish the existence of an element essential to [its] case."  *Nebraska v. Wyoming*, 507 U.S. 584, 590, 113 S. Ct. 1689 (1993), (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2522 (1986)).

In order to avoid summary judgment, the opposing party must come forward with competent summary judgment evidence of the existence of a genuine fact issue.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86, 106 S. Ct. 1348, 1335  (1986); *Anderson*, 477

U.S. at 257, 106 S. Ct. at 2514.  The nonmoving party  "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 586, 106 S. Ct. at 1356.   Rule 56 requires that the nonmoving party set forth specific facts showing that there is a genuine issue for trial. *Anderson,* 477 U.S. at 256, 106 S. Ct. at 2514.  Only a genuine dispute over a material fact (a fact which might affect the outcome of the suit under the governing substantive law) will preclude summary judgment. *Anderson*,  477 U.S. at 248 106 S. Ct. at 2510.  The dispute is genuine if the evidence is such that a  reasonable jury could return a verdict for the nonmoving party on the issue.  *Id.*  If the factual context renders a claim implausible (for example if the claim simply makes no economic sense) the nonmovants "must come forward with more persuasive evidence to support their claim than would otherwise be necessary." *Matsushita,* 475 U.S. at 587, 106 S. Ct. at 1356.

Rule 56(c) requires the court to look at the full record, including the pleadings, depositions, answers to interrogatories, admissions, and affidavits.  All reasonable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, and any doubt must be resolved in its favor. *Matsushita*, 475 U.S. at 587, 106 S. Ct. at 1356.  However, only *reasonable* inferences in favor of the nonmoving party can be drawn from the evidence. *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 468, 112 S. Ct. 2072, 2083 (1992) (emphasis added).

When no response to a summary judgment motion is filed, the court may accept as undisputed the movant's version of the facts and grant summary judgment when a *prima facie* case for entitlement is made. *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).  Further, the Local Rules of the Eastern District of Texas explicitly state, "[i]n the event a party fails to oppose

3

a motion . . . the court will assume that the party has no opposition." *See* Local Rule CV-7(d).
Defendant's Memorandum is not a proper response to Plaintiff's motion.

### III. Analysis

A plaintiff is permitted to move for a permanent injunction via summary judgment. *See
Securities & Exchange Comms'n v. Spence & Green Chem. Co.*, 612 F.2d 896, 903 (5th Cir. 1980).
A party moving for a permanent injunction must show the following: (1) some actual danger of a
recurrent violation and not simply a possibility of a future violation; (2) substantial threat that the
movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury
outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will
not disserve the public interest. *Shanks v. City of Dallas*, 752 F.2d 1092, 1096-97 (5th Cir. 1985).

Davis apparently feels Judge Lake is somehow personally responsible for his pleading guilty.
There is no federal or state law that allows a citizen to file a  lien against a public official because
the citizen feels aggrieved. *See United States v. Barker*, 19 F. Supp. 2d 1380, 1384 (S.D. Ga. 1998).
The sad truth is that courts across the country have considered these types of cases for years and all
have held such "liens" filed by disgruntled tax protestors and prisoners against federal officials to
be null and void. *See, e.g., United States v. Reeves*, 782 F.2d 1323, 1326 (5th Cir. 1985); *United
States v. McKinley*, 53 F.3d 1170, 1172 (10th Cir. 1995); *Ryan v. Bilby*, 764 F.2d 1325, 1327 (9th
Cir. 1985).

The wrongfully filed financial documents are harassing, distract from the official duties of
Judge Lake and other federal officials, and consume resources of the United States that could
otherwise be allocated elsewhere.  By forging and filing these documents with the Texas Secretary
of State, Davis has shown his deep determination to harass Judge Lake.  The court therefore finds

4

that there is a very real danger, and not just a possibility, of recurrent violations.

The filing of the false lien against Judge Lake would cause irreparable injury.  The filing of the lien caused Judge Lake to set aside time from his official job to try and clear his credit history and resolve the UCC filings.  In this computerized age, a single bad credit  rating or notation will likely be cross-referenced in records across the country.  There is no easy way to correct the records, and once corrected in one location, no assurance that the misinformation will not constantly be resurrected by the interconnected net of computers which now store credit and financial information. The court finds there is a substantial threat that Judge Lake will suffer irreparable injury if the injunction is denied.  This injury outweighs any damage that might be caused to Davis.   He has no right to file, and no legitimate interest in filing, false liens and documents against public officials. In the unlikely event that he ever obtains a legitimate judgment against somebody, it will be easy for him to obtain permission to file the appropriate lien.  The court recognizes Davis's First Amendment rights, but "there is no First Amendment right to harass, intimidate, and attempt to extort federal officials."  *See Barker*, 19 F. Supp. 2d at 1384.  The harm sought to be protected is greatly outweighed by the minimal inconvenience to be imposed on Davis—that is, obtaining leave before filing documents purported to be liens.

Likewise, any burden on the Texas Secretary of State is minute compared to the injury to be prevented.  By expunging the documents, the Texas Secretary of State will eliminate the bogus information and reduce the efforts required to address it.

Lastly, the public interest is greatly advanced by the granting of this injunctive relief.  Public officials will be able to perform their duties without being threatened by harassing liens.  Moreover,

if there is a legitimate lien, Davis is not foreclosed from obtaining leave before filing the public

document.


## IV. Conclusion

Plaintiff's Motion for Summary Judgment **[Doc. #13]** is **GRANTED**.  Judgment shall be

entered declaring that the UCC Financing Statement and the attached FS-4 Private Security

Agreement/True Bill (File # 04-0072184086), as well as all other financing statements, instruments,

or liens currently filed by, or on behalf of, Defendant Robert Davis, whether in the records of the

United States, any State, or any local governmental entity, or any of their agencies, purporting to

attach or otherwise affect all or part of the assets or property of Sim Lake, or any other federal

employee or official, are **DECLARED** invalid,  void ab initio, and of no effect.

The Texas Secretary of State is ordered and authorized to expunge the UCC Financing

Statement and the attached FS-4 Private Security Agreement/True Bill (File # 04-0072184086), as

well as all other financing statements, instruments, or liens, filed in the Secretary of State's office

by, or on behalf of, Defendant Robert Daniel Davis, purporting to attach or otherwise affect all or

part of the assets or property of Sim Lake, or any other federal employee or official.  All other

applicable state and local officials and agency directors are also authorized to expunge

the UCC Financing Statement and the attached FS-4 Private Security Agreement/True Bill (File #

04-0072184086), as well as all other financing statements, instruments, or liens, filed in their

respective offices by, or on behalf of, Defendant Robert Daniel Davis, purporting to attach or

otherwise affect all or part of the assets or property of Sim Lake, or any other federal employee or

official.

It is further ordered that Defendant Robert Daniel Davis, his agents, and any other person acting in concert with Davis or his agents, be **PERMANENTLY ENJOINED** from filing, or causing to be filed, or attempting to file, in the records of the United States, any State, or any local governmental entity, or any of their agencies, any lien, instrument, or financing statement purporting to attach, or otherwise affect, all or any part of, the assets or property of Sim Lake, or any other federal employee or official, without prior express written authorization from a United States District Court.  Violation of this injunction will be considered contempt of this court, and any such lien, financing statement, or other instrument shall be considered invalid, void ab initio, and of no effect, and such may be immediately expunged from the  record in question.

So **ORDERED** and **SIGNED** this **2**   day of **August, 2006.**

_____
Ron Clark, United States District Judge